IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**CLIFF MOREHEAD, et al.,**

     **Plaintiffs,**

**v.**

**LEGAL JURISDICTION SUPPORT
SERVICES, LLC,**

     **Defendant.**                       **Case No. 09-cv-364-DRH**


<u>**MEMORANDUM & ORDER**</u>


**HERNDON, Chief Judge:**


       Before the Court is plaintiffs Cliff Morehead and Christine Morehead's Motion for Default Judgment (Doc. 13) against defendant Legal Jurisdiction Support Services, LLC, as well as Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 14). Plaintiffs filed their Complaint against Defendant on May 13, 2009 (Doc. 2). An executed Return of Service has been filed (Doc. 4), showing Defendant was served with the summons and Complaint through a private process server on July 10, 2009. Defendant never appeared, filed an answer or otherwise responded to Plaintiff's Complaint. Plaintiffs then moved for and obtained the Clerk's Entry of Default on September 16, 2009 (Docs. 5 & 6). The Court thereafter denied without prejudice Plaintiffs' initial motion seeking default judgment (Doc. 11), for failure to comply with

the Court's Local Rule 55.1(a).  Plaintiffs subsequently demonstrated adequate compliance (Doc. 12) and filed the instant Motions.  To date, Defendant still has not appeared or otherwise responded in this case.

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**.  Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself.  **FED. R. CIV. P. 55.**  The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion.  ***Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005)**.  "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead.  ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)).**  Plaintiff must then establish a right to the requested relief sought.  ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).**

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  **FED. R. CIV. P. 54(c)**.  Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment.  ***In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted)**.  Instead, the district court must determine

with reasonable certainty the proper amount to award as damages to the prevailing party.  ***Id.***  Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits."  ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793**.

Plaintiffs have brought this case against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA").  **15 U.S.C. § 1692 et seq.**  Here, Defendant's failure to file an Answer or otherwise respond to the allegations in Plaintiffs' Complaint amounts to an admission of the same and, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 8(b)(6)**, thereby establishes liability under the FDCPA. Any debt collector found liable to any person for failing to comply with any provision of the FDCPA is liable to such person for actual damages sustained by that person as a result of the debt collector's conduct.  The Court may also allow additional statutory damages not to exceed $1,000.00.  In addition, the debt collector found liable under the FDPCA can also be statutorily responsible for costs of the action.  **See 15 U.S.C. § 1692k; *see also McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 499 (7th Cir. 2008)**.  As Plaintiffs note in their Motion for Default Judgment, Congress intended "actual damages" under the FDCPA to include "not just out-of-pocket expenses, but [also] damages for personal humiliation, embarrassment, mental anguish, or emotional distress."  **Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53**

**Fed. Reg. 50,097, 50,109 (Dec. 13, 1988)**.

Here, Plaintiffs seek $100,000 in actual damages and $2,000 in statutory damages (Doc. 13, p. 6).  In support of this request, Plaintiffs submit their own Affidavits (Doc. 13, Exs. A & B).  However, "[a] judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." ***Dundee,* 722 F.2d at 1323**.  Indeed, Rule 55(b) allows the Court to conduct a hearing when, to enter or effectuate a default judgment, it needs to determine the amount of damages.  **FED. R. CIV. P. 55(b)(2)(B)**.  Because Plaintiffs' Affidavits do not contain definite figures, but instead, attempt to describe their emotional distress caused by Defendant's unlawful debt collection practices, the Court cannot award the amount of damages sought without some type of evidentiary hearing on the issue of damages.

While Rule 55(b)(2) itself does not provide a right to a jury trial unless required by a statute of the United States, reviewing Plaintiff's Complaint, the Court notes that Plaintiffs have already made a jury demand (Doc. 2).  Because the "right of trial by jury . . . is preserved to the parties inviolate," the Court will order a jury trial as to the determination of actual damages suffered by Plaintiffs unless they would prefer an evidentiary hearing on the issue of damages be conducted by the Court instead.  If so, Plaintiffs must file a withdrawal of their jury demand, pursuant

to Rule 38(d).  **FED. R. CIV. P. 38(d)**.[1]

Based on the rationale herein, the Court **DEFERS** ruling on both Plaintiffs' Motion for Default Judgment (Doc. 13) and Motion for Attorneys' Fees and Costs (Doc. 14).  It hereby **ALLOWS** Plaintiffs until **Friday, October 29, 2010** to file their withdrawal of jury demand.  Should Plaintiffs elect not to withdraw their jury demand, the Court will set this matter for a jury trial as to the issue of determining Plaintiffs' actual damages only.  If Plaintiffs withdraw their jury demand, the Court will instead set this matter for an evidentiary hearing before the Court as to the determination of actual damages.

**IT IS SO ORDERED.**

Signed this 21st day of October, 2010.

David R. Herndon
2010.10.21 16:20:21
-05'00'

**Chief Judge**
**United States District Court**

---

[1]  Although a withdrawal of jury demand is only allowed with the consent of all the parties, in this case, because Defendant has never appeared and is now in default, the Court will deem it to consent to the withdrawal, should Plaintiffs elect to do so.